# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2004

## STATE OF TENNESSEE v. FRANKLIN DARNELL BROWN, JR.

**Appeal from the Circuit Court for Carroll County**
**Nos. 02CR-1945     C. Creed McGinley, Judge**

---

### No. W2003-01863-CCA-R3-CD  - Filed September 16, 2004

---

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I agree with the majority opinion that application of enhancement factor (14) violates the ruling in *Blakely v. Washington*, 542 U.S. _____, 124 S.Ct. 2531 (2004).  However, I would remand for a new sentencing hearing for the trial court to use the only applicable enhancement factor, the Defendant's prior convictions.  While the trial court did state that the prior convictions "should be considered very strongly as far as enhancement," the trial court then immediately stated that Defendant had to be on probation at the time of the offense which is the subject of this appeal, and the trial court applied that enhancement factor also.

Compliance with *Blakely* may cause some inconvenience for a relatively brief period of time. However, the United States Supreme Court in *Blakely* clearly set forth the importance of a jury determination of any enhancement factor, with the exception of prior convictions.  The result may be the same upon remand and resentencing.  However, the Defendant is entitled to be sentenced by the trial court with the clear understanding that only one enhancement factor, prior convictions, can be used to enhance the sentence.  Since using an enhancement factor in violation of *Blakely* is a violation of "a fundamental reservation of power in our constitutional structure," *Blakely*, 124 S.Ct. at 2538-39, and not merely the erroneous application of an inapplicable enhancement factor, I am reluctant to, in effect, resentence the Defendant to the maximum sentence based upon only one enhancement factor.  There is no way to know, from this record, that the trial court would definitely have given the maximum sentence without applying enhancement factor (14).  Therefore, I would remand for a resentencing.

_____
THOMAS T. WOODALL, JUDGE